Alison M. Clark, OSB No. 080579
Attorney At Law
333 SW Taylor St. #300
Portland, OR 97204
Tel: (503) 888-8076
Email: tex@defenderclark.com
Attorney for Jonathan Odgen

FILED10 DEC '25 15:23USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| In the Matter of the Seizure of Briefcase of Attorney Jonathan Ogden | Case No.  3-25- MC-1424- YY |
| | **MOTION TO STAY SEARCH AND FOR RETURN OF PROPERTY** |
| | **Oral Argument Requested** |

### I.    This Court has jurisdiction to grant the relief requested:

Attorney Jonathan Ogden's briefcase was seized by the Government at the U.S. Courthouse without his consent. Through counsel, he now moves this Court to issue an order to 1) enjoin the government from searching the contents of his property, to wit, a seized briefcase; 2) hold an adversarial hearing to determine whether probable cause exists to issue a search warrant for his briefcase; and 3) order an immediate return of the property if the government cannot establish probable cause at said hearing.

The authority for the Court to issue this order comes from the Fourth Amendment which protects against unreasonable seizures by the government. A warrantless seizure is per

se

Page 1 MOTION TO STAY SEARCH AND FOR RETURN OF PROPERTY

# 114821

unreasonable unless it falls within a specific exception. The burden is on the government to establish the reasonableness of the seizure.

This Court also has equitable jurisdiction over this matter. Under Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." When no criminal proceedings are pending, the district court may treat the motion as a civil equitable proceeding. *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987).

**II.    The Court should hold a hearing to determine if probable cause exists to issue a warrant.**

The Fourth Amendment mandates that "no warrants shall issue, but upon probable cause." Typically, this determination is made ex parte by a magistrate. Here, the government has already seized the property at issue in this matter without judicial process. Mr. Ogden now seeks a hearing before an search of the briefcase and for the return of his property. Given the heightened privacy interest in attorney files, the determination of probable cause should not be made in a closed chamber based on a one-sided affidavit. It should be made in open court where Mr. Ogden may challenge whether the facts actually support a finding of probable cause. Considering the potential for irreparable harm and the highly confidential nature of an attorney's briefcase, an open, adversarial hearing is in the interests of justice.

**III.    Request for preservation of property until motion is heard:**

Mr. Ogden respectfully requests that this court order the government to maintain the briefcase in its current sealed state and forbid any search of its contents - pursuant to any warrant

obtained ex parte or otherwise - until this Court has ruled on the instant Motion and held the requested probable cause hearing.

RESPECTFULLY submitted this 10th day of December, 2025.

/s/ Alison M. Clark
Alison M. Clark
Attorney At Law